UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE – OPELOUSAS DIVISION

STEPHAN DARDAR                      CIVIL ACTION NO.  6:09cv1967 (LEAD)
                                                                      6:09cv1968 (MEMBER)

VERSUS                                       JUDGE DOHERTY

CITY OF MORGAN CITY ET AL.   MAGISTRATE JUDGE HANNA


*REPORT AND RECOMMENDATION*


Pending before the court, in these two consolidated lawsuits, are the
defendants' motions to dismiss the claims asserted against Morgan City's mayor
Timothy Matte and the city's police chief, Claude J. Christy (Rec. Doc. 5 – Docket
No. 09-cv-1967; Rec. Doc. 4 – Docket No. 09-cv-1968) for failure to state a valid
claim.  The plaintiffs oppose the motions (Rec. Doc. 27).  Oral argument was held
on April 28, 2010, and the matter was taken under advisement.


**Factual Background**

The record shows that, on November 2, 2008, Stephan Dardar (the plaintiff
in Docket No. 09-1967) attended the Shrimp and Petroleum Festival in Lawrence
Park in Morgan City.  The record further shows that, on the same date, Larry
Harding, Jr. and Melanie L. Harding (the plaintiffs in Docket No. 09-1968) also

attended the festival along with the minor children, Kimberly Scott, Kenneth Scott, and Abigail Harding.

Dardar alleges that, while he was leaving the festival with family members, he was accosted by defendant Detective Ronald Scully of the Morgan City Police Department and other unnamed police officers.  Dardar alleges that he was thrown to the ground by the police officers who used profanity and excessive force, resulting in cuts, bruises, and abrasions to his face, which required medical attention.  Dardar claims that he sustained damages including medical expenses, mental and physical pain and suffering, loss of enjoyment of life, permanent scarring, and lost income.  Dardar claims that the police officers' use of excessive force violated his Fourth Amendment rights and 42 USCA §1983.

Larry Harding, Jr. and Melanie L. Harding (collectively "the Hardings") originally asserted claims individually and also on behalf of the minor children, Kimberly, Kenneth, and Abigail.  They allege that, as they were leaving the park, they too were accosted by Detective Scully and other police officers.  They further allege that Detective Scully struck ten-year-old Kenneth, causing severe bruising to his face.  They also allege that Detective Scully, together with Officers Billy Driscoll and James Diaz, threw Mr. Harding to the ground, knelt on his back, bent him backwards, forced him to the ground face first, and pulled his head

backwards, causing severe injuries.  The Hardings contend that the police officers'
actions resulted in physical pain and suffering by Kenneth.  They also contend that
the police officers' actions resulted in neck and back injuries to Mr. Harding,
causing mental and physical pain and suffering, loss of income, medical expenses,
loss of the enjoyment of life, and permanent disability.

In their original complaint (Rec. Doc. 1-2), the Hardings claimed that Mrs.
Harding and the children sustained emotional distress as a result of the police
officers' actions, but that claim was omitted from the Hardings' first amending
complaint (Rec. Doc. 14), and it will not be addressed further here.  According to
counsel for the plaintiffs, the claims originally asserted in Docket No. 1968 on
behalf of the minor children, Kimberly Scott and Abigail Harding, were retracted
in the Hardings' amending petition.

In their original petitions, the plaintiffs sued Detective Scully, the City of
Morgan City, Louisiana, and the Morgan City Police Department (respectively,
Rec. Doc. 1-2 in Docket No. 09-cv-1967 and Rec. Doc. 1-2 in Docket No.
09cv1968).  In the plaintiffs' first amending complaints (Rec. Doc. 14 in each of
the respective dockets), however, the police department was omitted.  During oral
argument, the plaintiffs' counsel confirmed that the claim against the police

department has been retracted, but he also represented that the claim against the city has not been retracted.

In both amending petitions, the plaintiffs sued Detective Scully, and they also asserted claims against Mayor Matte and Police Chief Christy, claiming that Chief Christy was Detective Scully's direct supervisor and that Mayor Matte was Chief Christy's direct supervisor.  These appear to be claims against the mayor and the police chief in their official capacities.  During oral argument, however, counsel for the plaintiff represented that no claim has been asserted against the mayor or the police chief in their official capacities.  He represented, instead, that the only claims asserted against the mayor and the police chief are claims in their individual capacities as supervisors of the police officers involved in the events of November 2, 2008.  Counsel for the plaintiffs also represented that no state law claims were asserted in the petitions.

The claims against the mayor and the police chief are the subject of the defendants' pending motion to dismiss.

# Analysis

## I.   The Standard for Analyzing a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[1]  When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[2]  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[3]  But conclusory allegations and unwarranted deductions of fact are not accepted as true.[4]  Thus, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[5]

---

[1]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[2]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[3]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007), citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  See, also, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[4]     *Collins*, 224 F.3d at 498; *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

[5]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[6]  The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions."[7]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and the pleadings "must contain something more... than... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."[9]  "While a complaint... does not need *detailed* factual allegations... a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

_____

[6]       *In re Katrina Breaches Litigation*, 495 F.3d at 205, quoting *Twombly*, 550 U.S. at 570.

[7]       *Twombly,* 550 U.S. at 555, citing *Papasan*, 478 U.S. at 286.

[8]       *Id*. at 555.

[9]       *Id.* at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

[10]      *Id.* at 555 (citations and quotation marks omitted) [emphasis added]. See, also, *Ashcroft v. Iqbal*, ___ U.S. ___,  129 S.Ct. 1937, 1950 (2009).

[11]      *Id* . at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  Furthermore, "[d]etermining whether a complaint states a plausible claim for relief... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]  As the Supreme Court further explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[14]

The Fifth Circuit succinctly explained the "plausibility" standard of pleading applied to Fed. R. Civ. P. 8(a)(2) as follows:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim.  "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it

---

[12]     *Iqbal*, 129 S.Ct. at 1949.

[13]     *Iqbal*, 129 S.Ct. at 1950.

[14]     *Id*. at 1950.

simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."[15]

Contrary to the argument that the decisions in *Twombly* and *Iqbal* have changed the pleading requirements under Fed. Rule Civ. P. 8, the Fifth Circuit emphasized that *Twombly* does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2),[16] because *Twombly* itself recognizes that pleading requirements can only by changed by amendment of the Federal Rules.[17]  The Supreme Court clearly stated its intention as follows:

> In reaching this conclusion, we do not apply any "heightened" pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished "by the process of amending the Federal Rules, and not by judicial interpretation."  On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires.  Here, our concern is not that the allegations in the complaint were insufficiently "particular[ized]" rather, the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.

---

[15]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Twombly*, 550 U.S. at 556.  See, also, *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008), quoting *Twombly*, 550 U.S. at 556.

[16]     *Lormand*, 565 F.3d at 258.

[17]     *Lormand*, 565 F.3d at 258, n. 29.

The Supreme Court went on to say:  "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[18]

Literally days after *Twombly* was decided, the Supreme Court, citing *Twombly*, stated the following:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the... claim is and the grounds upon which it rests.[19]

Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled.  Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20]  This analysis is not substantively different from that set forth in *Lormand, supra*, nor does this jurisprudence foreclose the option that

---

[18]     *Twombly*, 555 U.S. at 569 n.14.  (Internal citations omitted).

[19]     *Erickson v Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007) [internal quotation marks omitted].

[20]     *Iqbal*, 129 S.Ct. at 1949.

discovery must be undertaken in order to raise relevant information to support an element of the claim.  The standard, under the specific language of Fed. Rule Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based.  This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation that discovery will reveal relevant evidence of each element of the claim."[21]  Against this standard, the Court now compares the allegations of the complaint to the particular theory of law under which the plaintiff seeks relief.

## II.  <u>Liability of the Mayor and Police Chief</u>

In support of the motion to dismiss, the defendants argue that the plaintiffs have failed to plead facts sufficient to permit the court to draw the reasonable inference that the mayor and police chief are liable to the plaintiffs.  Review of the complaints filed in these matters reveals that the plaintiffs have failed to allege sufficient facts to present a legally cognizable federal claim, plausible on its face,

---

[21]     *Lormand*, 565 F.3d at 257.  See, also, *Twombly*, 555 U.S. at 556.

against the mayor or the police chief in their official capacities.  Accordingly, the undersigned recommends that those claims be dismissed.

To the extent that a claim remains extant against the city of Morgan City, the same result is reached:  the undersigned finds that insufficient facts are alleged against the city to support a valid claim, and the undersigned recommends that any existing claims against the city be dismissed.

Supervisory public officials, such as Mayor Matte and Chief Christy, cannot be held vicariously liable under § 1983.  To be liable under § 1983, a supervisory public official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.[22]

In these lawsuits, other than alleging the defendant Scully was under the "direct supervision" of Chief Christy who was under the "direct supervision" of Mayor Matte, the plaintiffs' complaints are devoid of any factual allegations that delineate any act or omission that might support a finding of the mayor's or the chief's personal involvement in the incident in Lawrence Park during the festival when the plaintiffs' rights were allegedly violated.   There are no allegations that

---

[22]       *Alton v. Texas A & M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987).

either of them participated in the events in the park on the night in question.

Furthermore, there is no allegation that Chief Christy or Mayor Matte

implemented any policy or procedures favoring the use of excessive force by

police officers or that either of them implemented any policy that was

unconstitutional in any way.  Finally, there is no allegation that Detective Scully

or the police officers who allegedly used excessive force in their dealings with the

plaintiffs on the evening in question were acting in accordance with a policy

implemented by the police chief or the mayor.  The plaintiffs contend, however,

that they should be given an opportunity to amend to set forth these allegations of

individual liability which the undersigned is willing to recommend. However, the

undersigned finds that, currently, there simply are no allegations in the complaints

that could support a finding of liability against Mayor Matte or Chief Christy,

whether in an individual or official capacity.

A similar analysis is used when evaluating the potential liability of a

municipality, such as the city of Morgan City.  A municipality cannot be held

liable for the actions of its employees under a respondeat superior theory.[23]

Instead, "it is when execution of a government's policy or custom, whether made

---

[23]      *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694
(1978).

by its lawmakers or by those whose edicts or acts may fairly be said to represent

official policy, inflicts the injury that the government as an entity is responsible

under § 1983."[24]  To validly assert such a claim, the plaintiff must allege facts

establishing (1) that a policy or custom existed, (2) that the city's policymakers

had actual or constructive knowledge of the existence of the policy or custom, (3)

that a constitutional violation occurred, and (4) that the custom or policy was the

motivating force behind the violation.[25]  In other words, the unconstitutional

conduct alleged by the plaintiffs "must be directly attributable to the municipality

through some sort of official action or imprimatur."[26]

   Here, the plaintiffs have presented no allegations of any policy or custom by

the city of Morgan City that might have resulted in the plaintiffs' claimed injuries,

no allegations that the city's policy makers were aware of any such policy or

custom, and no allegations that a custom or policy motivated the officers who

purportedly injured the plaintiffs on the evening in question.  Consequently, the

---

[24]     *Id*. at 694.

[25]     *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3ed 521, 532-33 (5th Cir. 1996); *Frazier v. City of Shreveport*, No. 02-0698, 2006 WL 3716092, 4 (W.D. La. 2006); *Poole v. Shreveport*, No. 07-2180, 2008 WL 4557015 (W.D. La. 2008).  See, also, *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[26]     *Piotrowski*, 237 F.3d at 578.

plaintiffs have not met their burden of alleging facts that might support a federal law claim against the city that is plausible on its face.

For these reasons, the undersigned recommends that, to the extent the plaintiffs have asserted claims against the city of Morgan City, and claims against Mayor Matte and Chief Christy, in their official capacities, the defendants' motion be GRANTED and those claims be dismissed.

The undersigned further recommends that the plaintiffs be given an opportunity to amend their complaints to assert any facts they might have against Mayor Matte or Chief Christy which would support a claim against them in their individual capacities.  It is further recommended that any such amended complaint be filed not later than 14 days after the date of this report and recommendation.

Signed this 30th day of April, 2010, at Lafayette, Louisiana.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)